UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM FLORES,

        Plaintiff,

v.                         Case No. 8:08-cv-178-T-17TGW

MARK A. OBER, et al.,

        Defendants.

_____

## O R D E R

The Court has for its consideration pro se prisoner Plaintiff William Flores' civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Flores' complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed because Flores' claims are in the nature of habeas corpus and Flores has a currently pending petition for writ of habeas corpus in case number 8:06-cv-1756-30TGW.

### Background

In state court case number 98-01500, Flores was found guilty of murder in the second degree with a firearm on March 31, 1999, and sentenced to 34.17 years incarceration with a mandatory minimum three-year sentence. Flores appealed, and the state district court of appeal affirmed the conviction and sentence on September 14, 2001.

On October 20, 2005, Flores filed a successive out-of-time Rule 3.850 motion to vacate his sentence alleging that the trial prosecutor and the prosecutor who signed the Indictment were not duly designated assistant state attorneys. Specifically Flores argued that prosecutor Wayne Chalu was not a duly designated assistant state attorney at the time he signed the Indictment, as the oath of office was not signed until July 13, 2000.  Flores also claimed that trial prosecutor Robin F. Fuson was not a duly designated assistant state attorney at the time of trial, as the oath of office was not signed until January 2, 2001.  He claimed that the state court did not have jurisdiction to try him because of the former facts.

These are the same claims Flores raises in his present section 1983 action.  Clearly, Flores is seeking habeas corpus relief in this 1983 action, although he asks for money damages.  He is not entitled to money damages under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Under *Heck*, a prisoner may not bring a claim for damages under 42 U.S.C. § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction."  Where the success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.  Plaintiff Flores has not done so.  Therefore, his claims have not yet accrued in this Court.

Accordingly, the Court orders:

1. That Plaintiff Flores' request that this Court order that Defendants have acted in violation of the United States Constitution is denied.

2. That Plaintiff Flores' request that this Court require Defendants to create or enforce a policy and/or procedure relative to state appointments is denied.  This Court does

not have the power to do so.

3. That Plaintiff Flores' complaint is dismissed, without prejudice.  The Clerk is directed to enter judgment against Plaintiff, to terminate all pending motions, and to close this case.

ORDERED at Tampa, Florida, on April 29, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

William Flores